# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00091-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| MARIO CORTES-ALVAREZ, | |
| Defendant. | |

The Defendant, Mario Cortes-Alavarez, is charged by way of an Indictment with a violation of 8 U.S.C. § 1326(a), which in entitled Reentry of Removed Aliens.

On May 1 and 2, 2024 Mr. Cortes-Alvarez refused to appear in court. ECF Nos. 13, 14. On May 3, 2024, Mr. Cortes-Alvarez made his initial appearance after this Court entered an order directing the United States Marshals Office to use reasonable force, if necessary, to secure his appearance. ECF Nos. 16, 29. At that time, defense counsel moved for a psychological examination under 18 U.S.C. §§ 4247(b) and (c). This Court found Mr. Cortes-Alvarez was suffering from mental health problems—he was making strange sounds in court and was not communicating with counsel or the Court. In turn, this Court committed Mr. Cortes-Alvarez to the custody of the Attorney General's office for a period of 30 days for the purpose of an examination and report.

This Court received the psychiatric report prepared by Dr. Nybo dated July 29, 2024, and made it available to the parties. The psychiatric report has been made a part of the record and has been sealed.[1]

On August 12, 2024, this Court issued another order directing the United States Marshals Office to use reasonable force, if necessary, to secure his appearance for the upcoming hearing.

---

[1] This Court has found good cause to do so under the principles set forth in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092 (9th Cir. 2016).

This was based on information that Mr. Cortes-Alavarez was not following instructions at the detention facility.

On August 19, 2024, this Court conducted a competency hearing. ECF No. 28. The psychiatric report concludes that Mr. Cortes-Alavarez suffers from "a psychotic disorder of some variety that impairs his present ability to assist counsel in his defense and rationally understand the nature and consequences of the court proceedings brought against him." Dr. Nybo recommends that Mr. Cortes-Alvarez be remanded to a medical facility in an attempt to restore his competency. The parties did not object to any factual portions of the report.

During the hearing, Mr. Cortes-Alavarez was nonresponsive. He appeared extremely afflicted and at one point started crying. This Court asked him a few questions, but he did not respond to any of them. The Government requested that this Court follow Dr. Nybo's recommendations and counsel for defense deferred to this Court.

This Court adopts the findings and recommendation in the psychiatric report and notes strong similarities in conduct, behavior, and mannerisms observed by the psychiatrist who prepared the report and those exhibited by Mr. Cortes-Alvarez during the hearing. In short, Mr. Cortes-Alvarez is as unwell today as he was when he made his initial appearance on May 3, 2024.

**I.    ANALYSIS**

The treatment of offenders suffering from a mental disease or defect is governed by the Insanity Defense Reform Act of 1984. 18 U.S.C. §§ 4241–48. The Federal Criminal Code establishes a multipart statutory scheme for addressing offenders suffering from a mental disease or defect who have pending federal charges. Title 18 U.S.C. § 4241 is triggered once "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." It is well-settled that the Fifth Amendment prohibits trying a defendant who is mentally incompetent. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to

consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

"Competence is defined as the ability to understand the proceedings and to assist counsel in preparing a defense." *Miles v. Stainer*, 108 F.3d, 1109, 1112 (9th Cir.1997) (citing *Dusky v. United States*, 362 U.S. 402 (1960)). The test for determining whether a defendant is competent to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402. Similarly, Section 4241(d) establishes a two-part test for competency. A defendant must be able both to understand the nature of the proceedings against him and to assist properly in his defense. 18 U.S.C. § 4241(d). The defendant's ability to participate or assist his counsel must be evaluated in light of the type of participation required. *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir, 2013).

Based on the observations made in court on August 19, 2024, and taking into account Dr. Nybo's report, Mr. Cortes-Alavarez is unable to interact with counsel (or the court) in any significant way. His demeanor shifted from being vacant to despondent. Moreover, he appeared disconnected from reality. This Court finds Mr. Cortez-Alvarez does not have any rational or factual understanding of the nature or consequences of the proceedings against him. Likewise, this Court finds he is unable to assist properly in his defense as he is not in a position to consult with his lawyer with any reasonable degree of rational understanding.

## II.    CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Mr. Cortes-Alvarez is declared to be mentally incompetent to proceed with trial in this case and is committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241.

**IT IS FURTHER RECOMMENDED** that the Attorney General shall, pursuant to 18 U.S.C.A. § 4241(d), hospitalize Mr. Cortes-Alvarez for treatment in an appropriate facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future that he will attain the capacity to permit the hearing to proceed.

**IT IS FURTHER RECOMMENDED** that within 45 days from today, the Attorney General or his designee shall file a status report indicating whether Mr. Cortes-Alvarez's mental condition has improved.

**IT IS FURTHER ORDERED** that that the United States Attorney's Office shall make this order available to Dr. Nybo.

DATED this 20th day of August 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE